IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GREGORY TYRONE HARRIS,
a/k/a JEROME K. LOCKHART,[1]
FDOC #182383,
    Plaintiff,

vs.                                      Case No.: 5:17cv101/MCR/EMT

K.H. REDMON, CO 1
and C. STEWART, SGT.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida Department of Corrections ("FDOC") proceeding pro se, commenced this 42 U.S.C. § 1983 action by filing a civil rights complaint (ECF No. 1). Plaintiff also filed a motion to proceed in forma pauperis ("IFP") (ECF No. 2).

This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P.

---

[1] Plaintiff identifies himself as Gregory Tyrone Harris, Inmate #182383 in his complaint (ECF No. 1). Plaintiff's trust fund account statement submitted with his IFP motion bears Acct. #182383 associated with the name Jerome K. Lockhart (*see* ECF No. 2 at 5–6). The name of the inmate identified as FDOC #182383 on the FDOC's public website is Jerome K. Lockhart, with several aliases, including Gregory Tyrone Harris. *See* http://www.dc.state.fl.us/OffenderSearch (search DC number 182383).

72(b). After careful consideration of the issues raised by Plaintiff, as well as Plaintiff's litigation history, it is the opinion of the undersigned that this case should be dismissed, pursuant to 28 U.S.C. § 1915(g).

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding in forma pauperis under certain circumstances, as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See* Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only

exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004).

The court takes judicial notice of six federal civil actions or appeals previously filed by Plaintiff, while he was incarcerated, which were dismissed by the court as frivolous or for failure to state a claim upon which relief may be granted.[2] *See* Harris v. Vigil, No. 16-13923-B (11th Cir. Jan. 31, 2017) (dismissing appeal as frivolous); Harris v. Vigil, No. 8:16cv01371-EAK-AEP (M.D. Fla. June 6, 2016) (dismissing civil rights complaint, pursuant to 28 U.S.C. § 1915A, for failure to state a claim upon which relief may be granted); Harris v. Heinrich, No. 8:92cv1121-WJC, Order (M.D. Fla. Aug. 12, 1992) (dismissing civil rights complaint as frivolous); Harris v. Heinrich, No. 8:92cv537-WJC, Order (M.D. Fla. May 11, 1992) (dismissing civil rights complaint as frivolous); Harris v. Public Defender, No. 8:92cv339-RWN, Order (M.D. Fla. Mar. 20, 1992) (dismissing civil rights complaint as frivolous); Harris v. Sexton, No. 8:92cv288-RWN, Order (M.D. Fla. Mar. 12, 1992) (dismissing civil rights complaint as frivolous). Accordingly, Plaintiff may not litigate this case in

---

[2] The inmate number of the plaintiff in those cases (#182383) is the same as Plaintiff's.

Case No.: 5:17cv101/MCR/EMT

forma pauperis unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Brown, 387 F.3d at 1344.

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis. According to the Eleventh Circuit, "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." Brown, 387 F.3d at 1350. When determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true. *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See* Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient

basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception. *See* Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing," and "a threat . . . is real and proximate."). Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed. *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

In the instant case, Plaintiff sues two correctional officers, claiming that they caused him to be removed from the FDOC's religious diet program ("RDP") on December 28, 2016, thus preventing him from remaining kosher (ECF No. 1 at 5–8). Plaintiff claims that his rights under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") were, and continue to be, violated (*id.* at 8). Plaintiff seeks monetary damages, an injunction requiring the FDOC to restore him to the RDP, and an apology from the chief of security (*id.*).

Plaintiff's allegations do not suggest that at the time he filed the complaint in this case, March 31, 2017, he was suffering ongoing serious physical injury, or that there was a likelihood of imminent serious physical injury. Therefore, his allegations fail to show that he qualifies to proceed under the "imminent danger" exception of § 1915(g).

Because Plaintiff did not pay the $400.00 filing fee at the time he submitted this civil rights action, and because it plainly appears that Plaintiff is not entitled to proceed in forma pauperis, this case should be dismissed. Leave should not be provided to allow him to pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. *See* Dupree, 284 F.3d at 1236. Dismissal should be without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

Accordingly, it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's initiating a new cause of action accompanied by payment of the $400.00 filing fee in its entirety.

At Pensacola, Florida, this 7th day of April 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.